## PEOPLE *v.* HASKINS

TRIAL—WITNESSES—EXAMINATION—LEADING QUESTION—DISCRETION.
Refusal of trial court to strike leading question asked of complainant by prosecuting attorney in trial for armed robbery *held,* not to be an abuse of trial court's discretion, nor prejudicial to defendant (CL 1948, § 768.24; MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 May 20, 1969, at Lansing. (Docket No. 5,820.) Decided June 24, 1969.

Leon Haskins was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

BEFORE: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Defendant was convicted by a recorder's court jury of armed robbery, MCLA § 750-

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 568 *et seq.*

.529 (Stat Ann 1969 Cum Supp § 28.797), and was sentenced to 5 to 20 years in prison on April 16, 1968.

The sole question raised on appeal arises from a question which the prosecuting attorney asked complainant on redirect examination: "Didn't Mr. Haskins tell you the other man had the money?" The complainant answered, "Yes." Defendant contends that the question was leading and the court's refusal to strike it was an abuse of discretion, prejudicial to him.

The people have filed a motion to affirm pursuant to GCR 1963, 817.5(3).

"Within the discretion of the court no question asked of a witness shall be deemed objectionable solely because it is leading." MCLA § 768.24 (Stat Ann 1954 Rev § 28.1047).

The record in this case does not show an abuse of discretion.

The question sought to be reviewed on which decision of the cause depends is so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.